

Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2005

# Peay v. Massiah-Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4315

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Peay v. Massiah-Jackson" (2005). *2005 Decisions.* Paper 1124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-237                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4315
_____

STRATTON NEAL PEAY,
Appellant

v.

FREDERICA MASSIAH-JACKSON; JAMES FITZGERALD, III;
D. WEBSTER KEOGH; JOSEPH LATZALOTTI; LYNNE ABRAHAM; JEFFREY
BEARD

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-04248)
District Judge: Honorable Stewart Dalzell

_____


Submitted For Possible Dismissal for Lack of Appellate Jurisdiction
or for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 12, 2005

Before: SLOVITER, NYGAARD and FUENTES, Circuit Judges
(Filed May 26, 2005 )


_____

OPINION
_____


PER CURIAM

        Stratton Neal Peay filed this appeal, but he originally did not pay the applicable

fees or file a motion to proceed *in forma pauperis*. Therefore, his appeal was dismissed

pursuant to LAR 3.3 and LAR Misc. 107.1(a).  Peay then filed a "motion for rehearing" that the Clerk's Office construed as a motion to reopen his appeal and denied without prejudice to a renewed motion after the filing and docketing fees were paid or an application to proceed *in forma pauperis* was filed.  Peay has filed a renewed motion, captioned "petition for rehearing," and a complete application for *in forma pauperis* status.

Peay has shown good cause to reopen his appeal, so his renewed motion to reopen is granted.  His motion to proceed *in forma pauperis* is also granted, because he has no appreciable assets.  However, his appeal will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

We have jurisdiction over Peay's appeal.  Although the District Court ordered Peay's case to remain "administratively closed,"[1] and "an order administratively closing a case is not, in and of itself, a final order,"*see WRS, Inc. v. Plaza Entm't, Inc.*, No. 03-4094, 2005 U.S. App. LEXIS 5330, at *6 (3d Cir. Apr. 4, 2005) (citing *Penn West Assocs. Inc. v. Cohen*, 371 F.3d 118, 124 (3d Cir. 2004)), the District Court also dismissed the case pursuant to 28 U.S.C. § 1915A(b)(1).  The District Court held that Peay sought relief unavailable under *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and *Younger v. Harris*, 401 U.S. 37, 43-9 (1971).  Also, after Peay filed a motion for reconsideration, the District Court reiterated its reasons for the dismissal, denied reconsideration, and stated that Peay's case would remain closed for statistical purposes.

---

[1]Peay's District Court case originally was administratively closed because Peay had not paid the filing fee or filed for *in forma pauperis* status.

Therefore, Peay appeals from a final order. *Cf. Penn West Assocs. Inc.*, 371 F.3d at 124.

However, Peay's appeal of the orders dismissing his case and denying his motion for reconsideration is legally frivolous. In his complaint filed pursuant to 42 U.S.C. § 1983, Peay alleged that he was wrongfully convicted and imprisoned in violation of federal constitutional law. He also claimed that, against his wishes, counsel had been appointed to represent him in Pennsylvania Post Conviction Relief Act ("PCRA") proceedings. He contended that, because he has not been permitted to proceed *pro se*, he has missed hearings and has failed to get a response to documents he filed without his attorney's assistance in the PCRA court. Therefore, he sought an injunction to require the state court to rule on his self-authored amended PCRA petition and to permit him to proceed *pro se*. He also claimed that he was being framed for a state crime that he did not commit, and sought an order to dismiss the state charges.

To the extent that Peay challenged the proceedings leading up to his conviction, or the fact or duration of his imprisonment, his claims were not cognizable in an action pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser*, 411 U.S. at 500. To the extent that Peay sought an injunction to force the PCRA courts to allow him to proceed *pro se*[2] or to bar a pending state criminal proceeding,

_____

[2]Additionally, as to his allegation of error in the PCRA proceedings, Peay cannot state a claim for a violation of the Sixth Amendment on post-conviction review, *cf. Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991), and insomuch as he alleged an error in state law or procedure relating to his request to represent himself in those proceedings, he cannot be afforded relief under 42 U.S.C. § 1983. *See, e.g., Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995) ("Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law . . . ."). We stress that the District Court's dismissal of any state-law claims was without prejudice to renewal in an appropriate state forum. *See* 28 U.S.C. § 1367(c) (2005).

*Younger* and its progeny barred such relief. *See* 401 U.S. at 43-9.

For the foregoing reasons, this appeal will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2005).